**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MORGAN VANBUREN,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC,<br><br>Defendant. | Case No. 1:26-cv-10236<br><br>The Honorable Lindsay C. Jenkins |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Amazon.com Services LLC ("Defendant" or "Amazon"), by and through its undersigned counsel, hereby submits the following Answer and Affirmative Defenses to the Amended Complaint (ECF No. 14) filed by Plaintiff Morgan Vanburen ("Plaintiff" or "Vanburen").

1. This is an action for employment discrimination.

**ANSWER:** Amazon admits that Vanburen purports to bring an action for employment discrimination. Amazon denies the remaining allegations in Paragraph 1 of the Amended Complaint.

2. The plaintiff is Morgan Vanburen of the county of Cook in the state of Illinois.

**ANSWER:** Amazon admits that the plaintiff is Morgan Vanburen. Amazon lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2 of the Amended Complaint.

3. The defendant is Amazon.com Services LLC, whose street address is c/o Illinois Corporation Service Company 801 Adlai Stevenson Drive, Springfield, Sangamon County, Illinois, 62703-4261.

**ANSWER:** Amazon admits that it is named as the defendant in this action and that the address identified in Paragraph 3 is the address of its registered agent for service of process purposes in Illinois. Amazon denies the remaining allegations in Paragraph 3 of the Amended Complaint.

4. The plaintiff sought employment or was employed by the defendant at 2201 W. 159th Street, Markham, Cook County, Illinois, 60428.

**ANSWER:** Amazon admits the allegations in Paragraph 4 of the Amended Complaint.

5. The plaintiff was hired and is still employed by the defendant.

**ANSWER:** Amazon admits the allegations in Paragraph 5 of the Amended Complaint.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, August 6, 2025.

**ANSWER:** Amazon denies the allegations in Paragraph 6 of the Amended Complaint.

7.1 The defendant is not a federal governmental agency, and the plaintiff has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following agencies: the United States Equal Employment Opportunity Commission, on or about April 29, 2026. If charges *were* filed with an agency indicated above, a copy of the charge is attached. It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

**ANSWER:** Amazon admits that Amazon is not a federal governmental agency. Amazon further admits that Vanburen filed EEOC Charge No. 440-2025-12086 on April 29, 2026 (the "Charge") against Amazon alleging retaliation and sex discrimination. Amazon further admits that the Charge was deemed cross-filed with the Illinois Department of Human Rights and that a copy of the Charge is attached to the Amended Complaint. Amazon lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 7.1 of the Amended Complaint.

8. The United States Equal Employment Opportunity Commission has issued a Notice of Right to Sue, which was received by the plaintiff on August 18, 2026 a copy of which *Notice* is attached to this complaint.

**ANSWER:** Amazon admits that the EEOC issued Vanburen a Determination and Notice of Rights dated August 18, 2026 and that a copy of the Notice is attached to the Amended Complaint. Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegation concerning when Vanburen received the Determination and Notice of Rights. Amazon denies the remaining allegations in Paragraph 8 of the Amended Complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's Sex (Title VII of the Civil Rights Act of 1964).

**ANSWER:** Amazon denies the allegations in Paragraph 9 of the Amended Complaint.

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

**ANSWER:** Amazon admits that it is not a state, county, municipal or other local governmental agency and therefore states that no response is required. To the extent a response is required, Amazon denies the allegations in Paragraph 10 of the Amended Complaint.

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the ADA by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791; and for the ADEA, 29 U.S.C. § 626(c).

**ANSWER:** Amazon admits that this Court has subject matter jurisdiction over Vanburen's Title VII claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3). Amazon denies the remaining allegations in Paragraph 11 of the Amended Complaint.

12. The defendant failed to stop harassment, and retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in Paragraphs 9 and 10 above.

**ANSWER:** Amazon denies the allegations in Paragraph 12 of the Amended Complaint.

13. The facts supporting the plaintiff's claim of discrimination are as follows: See Attachment A – Statement of facts incorporated by reference. Plaintiff alleges sex/sexual orientation and retaliation, including harassment and adverse treatment after protected complaints. The EEOC charge and Determination and Notice of Rights are attached.

**ANSWER:** Amazon restates and incorporates by reference its answers to Attachment A set forth below as its answer to the first sentence of Paragraph 13 of the Amended Complaint. Amazon further admits that Vanburen purports to allege sex/sexual orientation and retaliation, including alleged harassment and adverse treatment after protected complaints. Amazon denies the remaining allegations in Paragraph 13 of the Amended Complaint.

14. [***AGE DISCRIMINATION ONLY***] Defendant knowingly, intentionally, and willfully discriminated against the Plaintiff.

**ANSWER:** Paragraph 14 is expressly limited to age-discrimination claims and Vanburen does not assert an age-discrimination claim, such that no response is required. To the extent a response is required, Amazon denies the allegations in Paragraph 14 of the Amended Complaint.

15. The plaintiff demands that the case be tried by a jury.

**ANSWER:** Amazon admits that Vanburen demands a trial by jury but denies that Vanburen is entitled to have a jury decide all of the issues in this proceeding.

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff: direct the defendant to award compensatory and punitive damages totaling $1,200,000, subject to applicable statutory limits and to the extent permitted by law; and if available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees; and grant such other relief as the Court may find appropriate.

**ANSWER:** Amazon admits that Vanburen seeks the relief stated in Paragraph 16 of the Amended Complaint but denies that Vanburen is entitled to the relief set forth therein and further denies that Vanburen is entitled to any relief in this proceeding.

**ATTACHMENT A – STATEMENT OF FACTS**
**Morgan Vanburen v. Amazon.com Services LLC**

1. I began temporary/seasonal employment with Amazon.com Services LLC in or about December 2024 and became a permanent employee on or about March 30, 2025. I am currently employed as a Fulfillment Picker.

**ANSWER:** Amazon admits the allegations in Paragraph 1 of Attachment A to the Amended Complaint.

2. Beginning on or about August 6, 2025, I experienced different terms and conditions of employment, including being signed out of my workstation, being followed to the bathroom, being assigned to an unfavorable or unsafe workstation, and having my work monitored.

**ANSWER:** Amazon admits that Vanburen was signed out of her workstation on several occasions when her workstation had been inactive for several minutes in accordance with standard protocol. Amazon further admits that Vanburen has been assigned to different workstations and departments during her employment. Amazon denies the remaining allegations in Paragraph 2 of Attachment A to the Amended Complaint.

3. I was subjected to sex- and sexual-orientation-related slurs and harassment. I complained to Amazon.com Services LLC through internal reporting channels. Despite my complaints, I contend that the harassing and discriminatory treatment continued.

**ANSWER:** Amazon admits that Vanburen made complaints through Amazon's internal reporting channels concerning alleged harassment and discrimination based on sex and sexual orientation. Amazon further admits that Vanburen contends that the alleged harassing and discriminatory treatment continued. Amazon denies the remaining allegations in Paragraph 3 of Attachment A to the Amended Complaint.

4. I also contend that after making protected complaints, I experienced retaliation and further adverse treatment. The conduct described in my EEOC charge continued through the period identified in that charge.

**ANSWER:** Amazon admits that Vanburen makes the contentions described in the first sentence of Paragraph 4 of Attachment A to the Amended Complaint. Amazon denies the remaining allegations in Paragraph 4 of Attachment A to the Amended Complaint.

5. I filed EEOC Charge No. 440-2025-12086 on April 29, 2026, alleging retaliation and sex discrimination. The EEOC charge identifies August 6, 2025 as the earliest date and April 28, 2026 as the latest date of discrimination and identifies the matter as continuing action.

**ANSWER:** Amazon admits the allegations in the first sentence of Paragraph 5 of Attachment A to the Amended Complaint. Amazon further admits that the Charge identifies August 6, 2025 as the earliest date and April 28, 2026 as the latest date of alleged discrimination and identifies the matter as a continuing action. Amazon denies the remaining allegations in Paragraph 5 of Attachment A to the Amended Complaint.

6. The EEOC issued a Determination and Notice of Rights on August 18, 2026. The notice states that the charge was dismissed and that I have a right to sue within 90 days of receipt.

**ANSWER:** Amazon admits the allegations in Paragraph 6 of Attachment A to the Amended Complaint.

7. I seek total monetary relief of $1,200,000, subject to applicable statutory limits and the Court determining the relief to which I am legally entitled. This includes compensatory and punitive damages to the maximum extent permitted by law, as well as any other monetary and equitable relief available under federal law.

**ANSWER:** Amazon admits that Vanburen seeks the monetary and equitable relief stated in Paragraph 7 of Attachment A to the Amended Complaint but denies that Vanburen is entitled to the relief sought or to any relief in this proceeding. Amazon denies the remaining allegations in Paragraph 7 of Attachment A to the Amended Complaint.

**ATTACHMENT B – ATTORNEY CONTACT LOG**
**Morgan Vanburen v. Amazon.com Services LLC**

**Jeffrey Law Office, LLC**
1301 W. 22nd Street, Suite 308, Oak Brook, IL 60523; (312) 583-7072.
The firm advised it would close the file without a response by June 26, 2026. Plaintiff could not afford approximately $1,300 required to start representation.

**ANSWER:** Amazon lacks knowledge or information sufficient to form a belief about the truth of the foregoing allegations in Attachment B to the Amended Complaint.

**Weiler Law PLLC**
5050 N. 40th Street, Suite 260, Phoenix, AZ 85018; (312) 313-0202.
The firm offered a one-hour initial telephone consultation for $495. Plaintiff could not afford the consultation fee.

**ANSWER:** Amazon lacks knowledge or information sufficient to form a belief about the truth of the foregoing allegations in Attachment B to the Amended Complaint.

**Lawyers.com attorney referral/network**
Plaintiff was told there were no attorneys in the network in her area and that the service was attempting to match her with attorneys in its partner network. No attorney was obtained through that submission.

**ANSWER:** Amazon lacks knowledge or information sufficient to form a belief about the truth of the foregoing allegations in Attachment B to the Amended Complaint.

**The Prinz Law**
Plaintiff submitted a request for assistance and received a message stating that the firm would get back to her as soon as possible. Plaintiff has not received a follow-up response and has not spoken with an attorney from the firm.

**ANSWER:** Amazon lacks knowledge or information sufficient to form a belief about the truth of the foregoing allegations in Attachment B to the Amended Complaint.

**Barrett & Farahany**
Plaintiff contacted the firm regarding representation. The firm could not assist Plaintiff at that time.

**ANSWER:** Amazon lacks knowledge or information sufficient to form a belief about the truth of the foregoing allegations in Attachment B to the Amended Complaint.

**Sulmaiman Law**
Plaintiff contacted the firm regarding representation. The firm advised that it could not assist Plaintiff unless she was fired from her job.

**ANSWER:** Amazon lacks knowledge or information sufficient to form a belief about the truth of the foregoing allegations in Attachment B to the Amended Complaint.

**Atlas Law**
Plaintiff contacted the firm regarding representation. The firm could not assist Plaintiff at that time.

**ANSWER:** Amazon lacks knowledge or information sufficient to form a belief about the truth of the foregoing allegations in Attachment B to the Amended Complaint.

## AFFIRMATIVE DEFENSES

Amazon asserts the following affirmative defenses without conceding that it bears the burden of proof as to any of them. Amazon reserves the right to assert such additional affirmative defenses that may appear and prove applicable during the course of this litigation.

1. Vanburen's claims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

2. Vanburen's claims are barred to the extent that they are beyond the scope of her underlying charge(s) of discrimination.

3. Vanburen's claims are barred to the extent that she has failed to exhaust her administrative remedies and/or satisfy jurisdictional requirements.

4. Vanburen's claims are barred in whole or in part by any and all applicable statutes of limitations and/or are untimely. To the extent Vanburen failed to assert some or all of her claims in a timely fashion, such claims are time-barred.

5. Amazon exercised reasonable care to prevent and promptly correct any allegedly discriminatory, retaliatory, or harassing conduct by, among other things, providing regular training to supervisors and managers regarding Amazon's policies against discrimination, retaliation, and

harassment, making its policies against discrimination, retaliation, and harassment accessible to Vanburen and other employees, encouraging employees to report inappropriate conduct, investigating reports of inappropriate conduct, and taking steps to correct such conduct if and when it occurs. To the extent Vanburen failed to take advantage of available preventive or corrective opportunities or otherwise reasonably avoid or mitigate harm, her claims or recovery are barred or limited accordingly.

6. Amazon denies that it was motivated by any impermissible motive in any decision or actions concerning Vanburen, but it affirmatively pleads that it would have made the same decisions or taken the same actions in the absence of any impermissible motive.

7. Amazon denies that any of its employees or agents, acting within the course and scope of their employment or agency, violated any statute, regulation, constitutional provision, common law or public policy or caused any damage or injury to Vanburen. Any unlawful conduct allegedly engaged in by Amazon's employees, supervisory or otherwise, was outside the scope of their employment, contrary to Amazon's policies and was not ratified, confirmed or approved by Amazon.

8. Amazon acted at all times in good faith and consistently maintained, implemented, and enforced its workplace policy against discrimination, retaliation, and harassment, and otherwise exercised reasonable care to prevent and correct promptly any claims of discrimination, retaliation, or harassment.

9. Vanburen's claims are barred or diminished to the extent she has failed to mitigate or minimize her damages.

10. Amazon has acted at all times in good faith toward Vanburen and had reasonable grounds to believe that its actions and omissions, if any, were not a violation of Title VII.

11. To the extent during the course of this litigation Amazon acquires any evidence of additional wrongdoing by Vanburen, which wrongdoing would have materially affected the terms and conditions of Vanburen's employment or would have resulted in Vanburen either being demoted, disciplined or terminated, such after acquired evidence shall bar Vanburen on liability or damages or shall reduce any right to relief as provided by law.

12. Vanburen's claims are barred, in whole or in part, and/or recovery is precluded or limited because any conduct of Amazon was not willful, wanton, reckless and/or malicious.

## CONCLUSION

**WHEREFORE**, Amazon respectfully requests that this Court dismiss Vanburen's Amended Complaint with prejudice, enter judgment in favor of Amazon, and award Amazon its costs, including reasonable attorneys' fees and such other relief as this Court may deem just and appropriate.

Dated: October 7, 2026

Respectfully Submitted,
*/s/ Elizabeth C. Hopkins*

Jill S. Vorobiev (6237734)
Elizabeth C. Hopkins (6342092)
MORGAN, LEWIS & BOCKIUS LLP
110 N. Wacker Drive, Suite 2800
Chicago, Illinois 60606
Tel.: (312) 324-1000
jill.vorobiev@morganlewis.com
elizabeth.hopkins@morganlewis.com

*Counsel for Defendant Amazon.com Services LLC*